Shelby **BYRD**, Petitioner-Appellant,

v.

Eric **ARNOLD**, Acting Warden, Respondent-Appellee.

No. 11-16366

United States Court of Appeals, Ninth Circuit.

Submitted March 8, 2017 *

Filed March 17, 2017

---

\* The panel unanimously concludes this case is suitable for decision without oral argument.

*See* Fed. R. App. P. 34(a)(2).

Shelby Byrd, Pro Se

David N. Sunada, AGCA-Office of the California Attorney General, Sacramento, CA, for Respondent-Appellee

Before: LEAVY, W. FLETCHER, and OWENS, Circuit Judges.

### MEMORANDUM **

Shelby Byrd appeals pro se from the district court's judgment denying his 28 U.S.C. § 2254 habeas petition challenging a 2009 decision by the Board of Parole Hearings denying parole and deferring his next parole hearing for three years in accordance with California Penal Code § 3041.5 ("Marsy's Law"). We dismiss.

This court issued a certificate of appealability ("COA") on whether application of Marsy's Law to delay Byrd's next parole hearing for three years violates the Ex Post Facto Clause, and whether Byrd's membership in a class action precludes his individual litigation of this claim in habeas. We vacate the COA as improvidently granted and dismiss this appeal for lack of jurisdiction. *See Nettles v. Grounds*, 830 F.3d 922, 934-35 (9th Cir. 2016) (en banc) (holding that claims fall outside "the core of habeas corpus" if success will not necessarily lead to immediate or earlier release from confinement), *cert. denied*, 580 U.S. ——, 137 S.Ct. 645, 196 L.Ed.2d 542 (2017); *Phelps v. Alameda*, 366 F.3d 722, 727-28, 730 (9th Cir. 2004) (merits panel has the power to rule on the propriety of a COA).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

The dismissal of this appeal does not preclude Byrd from pursuing conditions of confinement claims in a properly filed civil rights action under 42 U.S.C. § 1983.

**DISMISSED.**

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provid-